## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Shawn Smith,

      Plaintiff,

      v.

Metro One Loss Prevention
Services Group (Guard Division),
Inc.,

      Defendant.

Case No. 2:24-cv-4322

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Metro One Loss Prevention Services Group (Guard Division), Inc.

("Defendant") moves to dismiss in part Shawn Smith's ("Plaintiff") Complaint.

Mot., ECF No. 9. Plaintiff opposes dismissal, Resp., ECF No. 10, and Defendant

replied, Reply, ECF No. 16.

For the reasons below, Defendant's motion is **DENIED**.

### I.    BACKGROUND

The following summary draws from the allegations in Plaintiff's Complaint,

ECF No. 1, and any documents integral to and incorporated therein.

From May to November 2023, Plaintiff worked as one of Defendant's

security officers at an Amazon warehouse in Etna, Ohio. Compl. ¶ 12, ECF No.

1. Plaintiff previously identified as gay, but he now identifies as a born-again

Christian and as straight. *Id.* ¶ 13. He has identified as such since he began

working for Defendant. *Id.*

Not long after he joined Defendant, and "without any initiation by Plaintiff," Plaintiff's coworker, Yasmine Hardwick ("Hardwick"), asked Plaintiff "if he was gay." *Id.* ¶ 14. Plaintiff answered that he no longer identified as gay after his religious conversion. *Id.* Nonetheless, Hardwick continued to make "disparaging comments about [Plaintiff's] religious beliefs" and "sexually inappropriate comments" to Plaintiff over the following months. *Id.* For example, Hardwick asked Plaintiff "if he was a 'top' or a 'bottom' and what was his favorite sexual position." *Id.* Hardwick also asked Plaintiff "if he was struggling with temptation and whether he was going to return to homosexuality." *Id.* ¶ 15. In addition, Hardwick asked Plaintiff "if he was dating anyone and what kind of women he liked," to which Plaintiff replied that he was single and waiting for marriage to have sex. *Id.* In response, Hardwick told Plaintiff, "Come on, I know it gets lonely. You don't want someone to just be 'friends with benefits?'" *Id.*

Hardwick also posed these inappropriate questions in front of other co-workers—specifically, Hardwick asked Plaintiff about what kind of women he liked and "whether it was difficult to resist returning to homosexuality." *Id.* ¶ 16. Moreover, in or around August or September 2023, Hardwick asked another coworker whether Plaintiff was gay. *Id.* ¶ 17. During this time, Hardwick also made comments about her own sex life, despite knowing that Plaintiff did not want to discuss such issues. *Id.* ¶ 16.

From June to October 2023, Plaintiff reported Hardwick's comments to four different managers. *Id.* ¶¶ 18–26. Plaintiff first complained to his supervisor,

Connor Church ("Church"), in June 2023, but Church failed to take any action. *Id.* ¶ 19. A few months later, in October 2023, Plaintiff complained to another supervisor, Mikecois Brown ("Brown"). *Id.* Although Brown met with Plaintiff and Hardwick about the harassment, it only made matters worse, as Hardwick later confronted Plaintiff for reporting her. *Id.* ¶¶ 20–21.

After concluding that Brown and Church had not adequately addressed the harassment, Plaintiff turned to other managers for support. *Id.* ¶¶ 22–25. Specifically, at the end of October 2023, Plaintiff contacted his supervisor, Greg Gaskill ("Gaskill"), about the harassment and Plaintiff directed Gaskill to report the harassment to another manager. *Id.* ¶¶ 22–24. Likewise, Plaintiff emailed and texted another manager, Trina Allison, about Hardwick's harassment. *Id.* ¶ 25. Consequently, Defendant suspended Hardwick while it investigated Plaintiff's allegations. *Id.* ¶ 26. Hardwick denied making the comments, and Defendant concluded that there were no witnesses or history of complaints against Hardwick. *Id.* So, Defendant reinstated Hardwick. *Id.* ¶ 27. Upon learning that Defendant reinstated Hardwick and scheduled her to work on the same day as him, Plaintiff resigned. *Id.* ¶ 28.

## II.   PROCEDURAL HISTORY

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission. Compl. ¶ 42, ECF No. 1. The EEOC issued Plaintiff a Notice of Right to Sue letter. *Id.* ¶ 43.

In December 2024, Plaintiff filed this action against Defendant, alleging four claims: (1) sex-based hostile work environment under federal law (Count I); (2) religious discrimination under federal law (Count II); (3) sex-based hostile-work environment under state law (Count III); and (4) religious discrimination under state law (Count IV).  *See generally id.*

Defendant now moves to dismiss only the religious discrimination claims. Mot., ECF No. 9.[1]

## III.    STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted).  At the motion-to-dismiss stage, a district court must "construe the complaint in the light

---

[1] Notably, while their motion was still pending, Defendant also moved for summary judgment, and Plaintiff has responded.  ECF Nos. 28, 30.

most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer v. Univ. Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## IV.   ANALYSIS

Defendant seeks to dismiss Plaintiff's religious discrimination claims brought under federal and state law (Counts II and IV). Mot., ECF No. 9. Defendant argues that Plaintiff fails to state a claim under any theory of religious discrimination: (1) religious accommodation, (2) disparate treatment, or (3) hostile work environment. Mot., ECF No. 9; Reply, ECF No. 15. The Court will address each argument in turn.

## A.   Religious Accommodation and Disparate Treatment

To begin, Defendant argues that Plaintiff fails to plausibly allege religious discrimination based on religious accommodation or disparate treatment. Mot., ECF No. 9 at PAGEID # 43 (arguing that Plaintiff fails to point to any conversation with any co-worker during which he asked for a religious accommodation or "communicated that he was being subjected to disparate treatment").

But Plaintiff does not assert either of those claims. In his response, Plaintiff expressly states that Defendant's argument applies the wrong standard

Case No. 2:24-cv-04322                                                Page 5 of 7

because he is *not* bringing a religious accommodation claim.  Resp., ECF No. 10 at PAGEID # 49.  And though Plaintiff does not address the disparate treatment argument in his response, Plaintiff affirmatively contends that he is bringing a religious discrimination claim based on hostile work environment.  *Id*.

Thus, to the extent that Defendant moves to dismiss the religious discrimination claims based on the theories of religious accommodation or disparate treatment, the motion is **DENIED as moot**.

## B.     Hostile Work Environment

Defendant next argues that Plaintiff fails to state claims for religious discrimination based on hostile work environment.  Reply, ECF No. 16.

But Defendant makes this argument as to hostile work environment for the first time in its reply brief.  *Compare* Mot., ECF No. 9 *with* Reply, ECF No. 16.  And the Court cannot consider new arguments in a reply that Defendant should have (and could have) made in the motion itself.  *See Slusher v. Reader*, No. 2:18-cv-570, 2019 WL 1384423, at *6 (S.D. Ohio Mar. 27, 2019) ("[T]he Court will not consider new arguments raised for the first time in a reply memorandum.") (citation omitted)).

In any event, Defendant moves for summary judgment on Plaintiff's religious discrimination claims based on hostile work environment.  *See* ECF No. 28.  The Court prefers to consider the claim on its merits and thus will analyze it on summary judgment.

Therefore, as it relates to Defendant's hostile work environment arguments, the motion is **DENIED**.

## V.     CONCLUSION

For these reasons, Defendant's partial motion to dismiss, ECF No. 9, is **DENIED as moot** as to the religious accommodation and disparate treatment claims and **DENIED** as to religion-based hostile work environment claims. The Court will consider the claim instead on summary judgment.

The Clerk shall terminate ECF No. 9.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**